Dudley, P. J.
(dissenting). The primary issue on this appeal is whether an officer and stockholder of a corporation licensed to sell alcoholic beverages may be held criminally responsible for a sale to minors made by others connected with the corporation, in his absence and under circumstances where there is no claim that such officer had knowledge of the transaction or contributed to the sale or delivery of the item sold. Contrary to the view of my colleagues, it is my judgment that the defendant cannot be held derivatively liable for the acts of agents or co-owners of the corporate seller without some affirmative claim that he procured or permitted the sale.
The complaint and supporting depositions allege only that defendant’s brother, Thomas Byrne, sold beer to two minors on the date in question; there is no claim that this defendant was present at the time or engaged in any type of overt or tacit conduct which contributed to this particular sale or sales to other minors. Criminal liability is sought to be imposed upon defendant solely on the basis that he is a responsible officer and shareholder of the corporate licensee which owns the tavern. As I construe the Alcoholic Beverage Control Law § 65 (1), the statutory plan is to impose liability upon the parties making the sale, the parties permitting the sale to occur and the parties procuring the sale. The defendant did not make the alleged sale. If a sale was made it was the corporate owner who made that sale through transactions conducted by persons other than the defendant. Even assuming that the corporation could be held criminally responsible for the acts of its employees and/or officers, the defendant should not be held accountable solely because he is an officer and stockholder of the corporation. In the cases cited by the majority, the owner of the licensed premises was an individual and the person who made the sale was the employee of the individual owner. No case has been cited to us in this jurisdiction where a stockholder or an officer of a corporation was held criminally responsible under this statute for the act of a fellow servant or shareholder. The statute should not be *451 expansively interpreted to impose criminal sanctions upon officers or shareholders in the absence of express language to that effect, particularly here where liability is sought to be imposed derivatively for the acts of others and without any allegation of knowledge or intent on the part of the defendant.
While this appeal was pending, defendant’s brother, the only party alleged to have actually made the prohibited sale, was acquitted after a jury trial. In the posture of this case, defendant’s guilt may only be established if his brother’s commission of the criminal acts alleged is proven. It would be an incongruous result if defendant were found guilty because the People, in a separate trial, proved the very acts of which defendant’s brother now stands acquitted. There is no valid reason for this prosecution to go forward. Accordingly, the order of the Criminal Court granting defendant’s motion to dismiss the complaint should be affirmed.
Riccobono and Sandifer, JJ., concur; Dudley, P. J., dissents in a separate memorandum.